Watts-Devine v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fifteen.

PRESENT:  GERARD E. LYNCH,
　　　　　　SUSAN L. CARNEY,
　　　　　　　*Circuit Judges*,
　　　　　　VICTOR A. BOLDEN,
　　　　　　　*District Judge*.*

―――――――――――――――――――――――――――――

JUDITH WATTS-DEVINE, INDIVIDUALLY
AND AS ADMINISTRATRIX OF THE
ESTATE OF FRANCIS DEVINE,
　　　　　　　　　　*Plaintiff-Appellant*,

v.                                                        No.    14-3507

UNITED STATES OF AMERICA,
　　　　　　　　　　*Defendant-Appellee.*

―――――――――――――――――――――――――――――

**FOR APPELLANT:**　　　Thomas F. Kelly, III, Kelly & Meenagh, LLP, Poughkeepsie, NY.

**FOR APPELLEE:**　　　MICHAEL J. BYARS, Assistant United States Attorney (Emily E. Daughtry, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

―――――――――――――

* The Honorable Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Cathy Seibel, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Plaintiff-Appellant Judith Watts-Devine appeals from the district court's dismissal of her medical malpractice action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and from the district court's denial of her motion to vacate that dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Insofar as Watts-Devine seeks to appeal the district court's order dismissing her action for failure to prosecute, we lack jurisdiction to review that order, because Watts-Devine's Notice of Appeal designates only the denial of the motion to reopen as the order appealed from.  Federal Rule of Appellate Procedure 3(c)(1)(B) provides that "[t]he notice of appeal must . . . designate the judgment, order, or part thereof being appealed." The Supreme Court has made clear that the requirements of Rule 3(c) are jurisdictional. See, e.g., Smith v. Barry, 502 U.S. 244, 248 (1992). In this case, Watts-Devine expressly appealed only "from the Judgment [sic] entered in this action on the 10[th] day of July 2014, denying Plaintiff's Rule 60(b)(1) motion to restore this case on the grounds of excusable neglect."  Joint App'x at 160.[1]

---

[1] An appeal from a denial of a Rule 60(b) motion does not trigger review of the "underlying judgment," which is the Rule 41(b) dismissal in this case. See Browder v. Dir., Dep't of Corr. of Illinois, 434 U.S. 257, 263 n. 7 (1978).

With respect to the order designated in the appeal, the district court acted within its discretion when it denied Watts-Devine's motion to vacate the order dismissing the action for failure to prosecute. "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court . . . ." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012). Thus, we "review a district court's decision on a Rule 60(b) motion for abuse of discretion." Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011). Because the district court committed no legal error and acted within the range of permissible decisions, we affirm.

The district court applied the correct legal standard to decide whether the action should be reopened because of "excusable neglect" by considering factors including "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (alternations in original) (quoting Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993)). Watts-Devine's argument that the district court should have instead employed the standard for whether to vacate a *default judgment*, articulated in State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158 (2d Cir. 2004), is without merit. Watts-Devine cites no case in which this Court has applied the State Street standard to an order dismissing for failure to prosecute, or indeed outside the specific context of default judgments.

Guided by the Pioneer standard, the district court acted within its discretion to decide that the facts in this case did not support a finding of "excusable neglect." The court concluded that "although the other factors weigh in favor of reopening the case, this series of acts of dereliction, unfounded assumptions, carelessness, [and] illogical choices made by [Watts-Devine's] counsel cannot, in good conscience, qualify as excusable neglect." Supplemental App'x at 69. Since, as we have emphasized, in applying the Pioneer standard, "the third factor-the reasons for the delay . . . predominates, and the other three are significant only in close cases," Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 415-16 (2d Cir. 2004), that determination was well within the discretion of the district court.

We have considered Watts-Devine's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4